IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QUENTON GITTENS, a/k/a : CIVIL ACTION
TIM GITTENS, a/k/a :
HEADACHE :
 :
 :
v. :
 :
THE BASKETBALL MARKETING :
COMPANY, INC. d/b/a AND 1 : NO. 04-1129

ORDER AND OPINION

JACOB P. HART                                        DATE: 12-10-10
UNITED STATES MAGISTRATE JUDGE

    Plaintiff Quenton Gittens has filed a motion in limine seeking to preclude the Defendant from stating that it has a perpetual and irrevocable license to use Gittens' image, name and likeness. For the reasons that follow, this motion in limine will be denied, with some modification, or explanation, as set forth below.

    The contract between the parties in this case, known as the Endorsement Agreement, granted to the Defendant "an exclusive, perpetual, worldwide, and irrevocable license to reproduce, distribute, promote, sell, market, display, perform, advertise or otherwise use the Player Endorsement." Endorsement Agreement at ¶ 4. The "Player Endorsement" includes Gittens' image, name and likeness. Id. It is specified that this license "shall expressly survive the expiration or termination of this Agreement." Id.

    Matters of contract interpretation are questions of law for the court to decide. In re Old Summit Mfg., 523 F.3d 134, 137 (3d Cir. 2008). Based on the foregoing language, the undersigned concludes that *if* Defendant properly terminated the Endorsement Agreement in accordance with its terms, as set forth in ¶ 15 of the Endorsement Agreement, *then* Defendant would retain the rights described in ¶ 4.

For this reason, I cannot preclude the Defendant from asserting as a defense to certain of Plaintiff's claims in this action its rights under ¶ 4 of the Endorsement Agreement. Accordingly, this motion must be denied.

However, I have further concluded as a matter of contract interpretation that the Defendant would not retain its rights under ¶ 4 of the Endorsement Agreement if – as the Plaintiff claims – it breached the Endorsement Agreement by wrongfully terminating it. In that event, Plaintiff would have contracted away a valuable right but received less than the bargained-for consideration.

Whether the Defendant's termination of the Endorsement Agreement was lawful is a matter of fact to be determined by the jury. Therefore, although I will not preclude the Defendant from presenting evidence of ¶ 4 of the Endorsement Agreement, neither will I permit the jury to (a) find in favor of the Plaintiff on his breach of contract claim, at the same time (b) it finds that ¶ 4 is a defense to Plaintiff' causes of action for invasion of privacy; false designation of origin; violation of the right of publicity; or "injunctive relief" (which is not, of course, really a cause of action, but a requested form of relief). In other words, should the jury find that the Defendant breached the Endorsement Agreement, ¶ 4 will not preclude Plaintiff from prevailing in the above-specified causes of action.

BY THE COURT:

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE