IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUENTON GITTENS, a/k/a : | CIVIL ACTION |
| TIM GITTENS, a/k/a : | |
| HEADACHE : | |
| : | |
| v. : | |
| : | |
| THE BASKETBALL MARKETING : | |
| COMPANY, INC. d/b/a AND 1 : | NO. 04-1129 |

ORDER AND OPINION

JACOB P. HART                                DATE: 12/28/10
UNITED STATES MAGISTRATE JUDGE

On December 9, 2010, the undersigned granted the defendant (AND 1)'s motions in limine precluding evidence with regard to Gittens' claim of wrongful use of civil proceedings in the case of The Basketball Marketing Company, Inc. d/b/a AND 1 v. FX Digital Media, Inc., 257 Fed. Appx. 492 (3d Cir. 2007). Gittens has now moved for reconsideration of this order. For the reasons set forth below, his motion is denied.

I.  Legal Standard

The Court of Appeals for the Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied 476 U.S. 1171 (1986). For this reason, a motion for reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Post Confirmation Trust for Fleming Companies, Inc. v. Friedland, Civ. A. No. 06-1118, 2006 WL 3484374 at *2 (E.D. Pa. Nov. 21, 2006).

A motion for reconsideration is not a proper vehicle in which to attempt to convince the court to rethink a decision it has already made. Post Confirmation Trust, supra, citing Colon v. Colonial Intermediate Unit 20, 443 F. Supp.2d 659, 667 (M.D. Pa. 2006). Moreover, motions for reconsideration should not be used to put forward additional arguments which the movant could have made but neglected to make before the court's decision. Post Confirmation Trust, supra, quoting United States v. Jasin, 292 F. Supp.2d 670, 676 (E.D. Pa. 2003).

II. Discussion

Gittens does not even argue that the six bases for reconsideration he has raised fall into any of the three grounds set forth in Max's Seafood Café – and, in fact, they do not. Each base is either (a) further argument on an issue previously raised in his response to AND 1's motion or (b) based on evidence which existed at the time of his response, so that it could have been raised earlier.

Gittens maintains that he simply did not realize he would be expected to raise all of his defenses to AND 1's motion, since the motion principally concentrated on the issue of retaliatory motive, rather than other possible grounds for a claim of wrongful use of civil proceedings, i.e., gross negligence and improper purpose. This does not justify waiving the ordinary requirement for a motion for reconsideration. AND 1's motion clearly asked the court to preclude Gittens from introducing "*any evidence* with regard to" the claim for wrongful use of civil proceeding. (Emphasis supplied). It is hard to see how Gittens failed to realize that it was necessary to raise every possible argument in order to save this cause of action. Instead, as I noted in my order, "Plaintiff [came] forth with no additional evidence of retaliatory intent *or other improper motive.*"

2

Given the lack of a proper basis for raising a motion for reconsideration, I see no need to explore the merits of Gittens' arguments at length. I will briefly note, however, that his first argument is that Ron Skotarczak, AND 1's Vice President of Marketing and Entertainment "intended to sue Gittens [for trademark infringement] no matter what – even knowing Gittens never used AND 1's marks." Motion for Reconsideration at 1. Gittens' support for this proposition, however, is a statement that even he admits is completely unconnected to this case. Id. at 2.[1] He merely argues: "AND 1 had the same intent with Gittens." It is quite obvious that this evidence could never be admitted at trial, since it is completely irrelevant to the facts of this case.

The remaining five bases, as I have said, either (a) could have been raised in the response, but were not; or (b) simply constitute additional argument in support of the response.[2] Even if these arguments could be considered in a motion for reconsideration, they would not convince me to reconsider my decision to follow the Court of Appeals for the Third Circuit in <u>AND 1 v. FX Digital Media</u>, supra, in concluding that AND 1's claims, though unsuccessful and apparently weak in places, were "colorable", and therefore, not proper grounds for a claim of Wrongful Use of Civil Proceedings.

---

[1] "When concerned about *another* competing basketball event, *in addition to the one Gittens was involved with*, AND 1 was informed by a private investigator and another source that there were 'No signs of the use of the AND 1 brand.' AND 1 acknowledged that the competitor made no use of the AND 1 brand marks or logos but decided it was still going to sue them." Motion for Reconsideration at 2, emphasis supplied.

[2] The other bases are: AND 1 designed the flyers and organized the Ohio Basketball Games – then claimed it was Gittens' infringing conduct; AND 1 sued Gittens for performing his AND 1 contract; AND 1 sued Gittens for not telling AND 1 what it already knew (i.e., AND 1 already knew about the Legends Tour in which Gittens played, *and that he wore AND 1 gear in that tour*); AND 1 sued Gittens for eight things but only presented evidence of three; and Woodruff never identified Gittens as a co-promoter of the *Legends Tour*.

3

In accordance with this Opinion, I hereby enter the following:

## ORDER

AND NOW, this 28th day of December, 2010, upon consideration of Plaintiff's Motion for Reconsideration of this Court's ruling on AND 1's Motion in Limine regarding Plaintiff's Claim of Wrongful Use of Civil Proceedings, docketed in this action as Document 121, and the response thereto, it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE